UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCES A. CALIARO,

    Plaintiff,

v.                                                                          Case No:  2:14-cv-144-FtM-38CM

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Frances A Caliaro's Motion to Remand for an Award of Costs, Including Attorney's Fees (Doc. #5) filed on May 10, 2014. The Defendant State Farm Automobile Insurance Company, filed its Response in Opposition (Doc. #11) on April 24, 2014. The Motion is now fully briefed and ripe for the Court's review.

## FACTS

On September 30, 2008, the Plaintiff was injured in an automobile accident cause by uninsured motorists Kyle and Frank Irvin. The Plaintiff filed a two (2) count law suit in the Circuit Court in the Twentieth Judicial Circuit in and for Lee County, Florida on December 12, 2008. The Plaintiff's 2008 Complaint alleged a negligence claim against

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

the Irvins (Count I) and a count for uninsured motorist (UM) benefits against State Farm. Plaintiff settled the negligence claim with the Irvins and filed an Amended Complaint on November 16, 2010.  The Amended Complaint included the UM count against State Farm renumbered (Count I) and added a statutory insurer bad faith claim (Count II) against State Farm.

State Farm subsequently moved to dismiss the bad faith claim in Count II of the Amended Complaint as improper because the claim was not ripe under Florida law since liability had not yet been determined.  In response to State Farm's Motion to Dismiss, the Plaintiff stipulated to a stay of the bad faith action until the UM claim had been resolved. On January 14, 2011, the State Court stayed Count II of the Amended Complaint.  On July 14, 2011, a verdict was returned in favor of the Plaintiff's UM claim.  Partial Judgment was entered on January 19, 2012, which limited the judgment to a payment of the policy limits and reserved ruling on the Plaintiff's Motion for Costs and Attorney's Fees.  State Farm appealed the Partial Judgment which was affirmed, and the Plaintiff then renewed her Motion for Costs and Attorney's Fees.  The Plaintiff's Motion for Costs and Attorney's Fees was heard and decided on February 11, 2014.

On March 3, 2014, the State Court lifted the stay on Count II, the bad faith claim. State Farm removed the case to this Court on March 12, 2014.  The Plaintiff now moves the Court to remand the bad faith claim to the State Court as untimely filed.

## **DISCUSSION**

The Plaintiff moves to remand the case, arguing that the removal was untimely. State Farm argues the case was removed on March 12, 2014, within thirty (30) days after the bad faith claim became ripe on March 3, 2014.

The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Bolen v. Illinois Nat. Ins. Co., WL 4856811 *2–4 (M.D. Fla. August 28, 2012) (citing Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir.2001)). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." Bolen, 2012 WL 4856811 at *2–4 (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 (11th Cir.2007)). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.  Here, State Farm removed the action allegedly under the Court's diversity jurisdiction.  A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. Ludwig v. Liberty Mut. Fire Ins. Co., WL 2406320, *2 -3 (M.D.Fla. June 3, 2013) (citing Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L.Ed.2d 274 (1978)).

Procedurally, removal is governed by Title 28 U.S.C. § 1446. The removal provisions of Title 28 were among the provisions amended by the Federal Courts

Jurisdiction and Venue Clarification Act of 2011, effective upon the expiration of the thirty (30) day period beginning on December 7, 2011. Ludwig, 2013 WL 2406320 at *3.  Where removal is based solely on diversity of citizenship, the action may not be removed more than one year after its commencement. 28 U.S.C. § 1446(b).

The Plaintiff argues that the pre 2009 version of the removal statue applies while State Farm contends that the version issued after the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the ACT") was passed is the proper version that governs the case.  In this instance, the initial removal occurred after the ACT was passed and therefore, the 2012 version of the Removal statute is what applies to this case.  Thus, at the time of the instant removal, the statute provided:

> (1)The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2012).

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (2012).

> (c) Requirements; removal based on diversity of citizenship.-(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1) (2012).

Removal statutes are to be strictly construed against removal. Bolen, WL 4856811 at *3 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. Bolen, WL 4856811 at *2-4 (citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir.1979)).  With these principles in mind, the Court proceeds to evaluate the propriety of the removal.

The issue is whether or not the bad faith claim in Count II of the Amended Complaint commenced/accrued before the removal deadline expired under § 1446(b).  If as State Farm argues, the action for Count II commenced on March 3, 2014, after the Second District Court of Appeals issued its ruling on the UM claim in Count I and the State Court lifted the stay on Count II the removal is timely and the case should stay in this Court.  If the Plaintiff is correct and Count II commenced/ accrued either in 2008 when the case was first filed or in 2010 when the Amended Complaint was filed then the action was improperly removed and must be remanded pursuant to 28 U.S.C. § 1446.

Florida law provides that a claim for bad faith shall not accrue until there has been a determination of liability and damages. See Blanchard v. State Farm, 575 So.2d 1289, 1291 (Fla.1991) ("an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist benefits. Absent a final determination of the existence of liability ... and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle."). And yet, despite this clear finding that bad

faith claims cannot be prosecuted prior to their accrual, Florida courts, in practice, *routinely allow* for the filing of such premature claims. Such claims are either, as here, pled along with the underlying insurance claim and allowed to stand subject to stay or abatement, or allowed as an amendment to the original complaint, months or years later. Bolen, 2012 WL 4856811 at *5 (emphasis in original). This is, apparently, a peculiarity of state law. *See, e.g.,* Landmark American Ins. Co. v. Studio Imports, Ltd., Inc.*,* 76 So.3d 963, 964–5 (Fla. 4th DCA 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved."); Vanguard Fire and Cas. Co. v. Golmon*,* 955 So.2d 591, 595 (Fla. 1st DCA 2006) ("Although we take no legal action other than to quash the order under review, we point out that the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy."); O'Rourke v. Provident Life and Acc. Ins. Co.*,* 48 F.Supp.2d 1383, 1385 (S.D.Fla.1999) (abating, rather than dismissing, bad faith claim, noting: "In recent years, ... Florida courts have moved toward the greater use of abatement as a mechanism for delaying the adjudication of matters that have not yet become ripe."). This practice presents several conceptual and practical difficulties in the removal context.

If a plaintiff chooses to include the inchoate bad faith claim in his original complaint, is it part of the "case" in determining the amount in controversy? Most federal courts have said no, finding that removal is premature. Bolen, 2012 WL 4856811 at *3. But why is this claim any different from a claim for statutory attorney's fees which cannot be pursued until a plaintiff prevails on the merits of an underlying claim? In both cases, a plaintiff has a claim that may or may not ripen into an actionable claim. Id. By allowing the unaccrued

claim to remain pending, Florida courts have treated it as part of the original case clouding the removal analysis. Id. Because a bad faith claim asserted prior to its accrual is deemed to be premature, courts in this district have rejected attempts to remove them. *See* Jenkins v. Allstate, Ins. Co., 2008 WL 4934030 at *2 (M.D. Fla. November 12, 2008) ("... until a final judgment is entered [in the UM claim], the bad faith claim does not exist, and therefore, there is nothing to remove even though a bad faith claim may be considered a separate and independent claim that is subject to removal separate from the underlying UM claim."); Curran v. State Farm Mut. Ins. Co., 2009 WL 2003157 (M.D. Fla. 2009).

Moreover, if a plaintiff chooses (and the state court permits) a post judgment amendment to the original complaint to assert a bad faith claim, rather than pursuing it in a separate action, how should a federal court apply the one year outside time limit on removal? If, as urged by State Farm, the amendment is treated as a new "case," then the Defendant has plenty of time in which to remove. However, just as with the abatement practice, this would distort what "case" means and ignore the particulars of Florida practice and procedure. Bolen, 2012 WL 4856811 at *5. It is state law that creates and defines this cause of action, and it is the province of the state courts to establish acceptable procedures for the definition and prosecution of "cases." Id. This, belated assertion of the claim in the original action is problematic for Federal Courts. Id.

The Plaintiff acknowledges that the case was not removable when she first filed it in State Court because the Irvins were not diverse. The Plaintiff argues that when she amended her Complaint on November 16, 2010, adding the bad faith claim, the case was removable because the non-diverse Irvins were no longer parties and the amount in controversy was for the policy limit of $100,000.00. Accordingly, the Plaintiff argues State

Farm should have removed the case within thirty (30) days of November 16, 2010. At the very latest, the Plaintiff argues the case should have been removed on August 13, 2013, when the UM benefits claim was finally resolved in favor of the Plaintiff by the Second District Court of Appeals.

State Farm argues that the bad faith claim is a separate action from the UM claim and that it does not accrue until the UM action has been determined. State Farm argues the bad faith claim was therefore, removable after the Second Circuit Court of Appeals issued its ruling on the appeal of the UM claim and the State Court lifted the stay on Count II on March 3, 2014. State farm relies on Lahey v. State Farm Mut. Auto. Ins. Co., 2007 WL 2029334 (M.D. Fla. July 11, 2007), for its proposition that the bad faith claim was properly removed on March 12, 2014, because it is a separate claim and was not ripe until the UM claim was finalized by the ruling from the Second Circuit Court of Appeals and the stay was lifted.

The Lahey Court held that a bad faith claim is a separate and distinct cause of action and a defendant is not precluded from filing its notice of removal more than one year after the original UM claim was filed because the bad faith claim is a separate action. Id. at *1-2. In Lahey, the plaintiff amended its action adding the bad faith claim after he had filed his initial UM claim just like the instant case.

However, the Defendant in Lahey removed the case within thirty (30) days of the amended compliant being served. The Lahey Court held that the removal was timely because the case was removed within thirty (30) days of the defendant receiving a copy of the amended pleading setting forth the bad faith claim. Id. at * 2. Here State Farm did not remove the case after the bad faith claim was added on November 16, 2010. Instead,

State Farm moved to dismiss the action and then stipulated to staying the bad faith claim pending the outcome of the UM claim. Thus, the facts in Lahey are distinguishable from the facts in this case since the bad faith claim was added and the case removed in Lahey within the time constraints contained in § 1446(b).

State Farm also argues from Barnes v. Allstate Ins. Co., 2010 WL 5439754 (M.D. Fla. December 28, 2010) and others that allowed a bad faith claim to be removed after the one year deadline because the Courts held that bad faith is a separate claim. The Barnes Court followed the Lahey Court's decision and allowed a bad faith claim to be removed a year and half after the bad faith claim had been added to the amended complaint.

In Barnes, the plaintiff amended his complaint on February 6, 2009, adding a bad faith claim to the UM claim. However, the defendant insurer did not remove the bad faith claim until after the Second District Court of Appeals had decided the appeal on the underlying UM claim on October 8, 2010, over a year and a half after the amended complaint was filed. The Barnes Court held that even though the thirty (30) day deadline to remove had passed since the complaint was amended, adding the bad faith claim, the removal to federal court was timely because the bad faith claim did not accrue until after the Second District Court of Appeals had decided the appeal on the underlying UM claim.

There is authority in both the Middle and Southern Districts of Florida that contradict the holdings in Lahey and Barnes. *See* Ludwig, 2013 WL 2406320 at *6 (remanding the case to State Court as untimely filed after the bad faith claim was abated in the State Court for more than a year prior to removal); Bolen, 2012 WL 4856811 *7(remanding the bad faith claim to State Court as untimely filed because the bad faith

9

claim was abated rather than dismissed and allowed to remain a part of the case for almost four years); Moultrop v. GEICO General Ins. Co, 2012 WL 1432316 (S.D. Fla. April 25, 2012) (rejecting the contention that for removability purposes, the bad faith action commenced after plaintiffs filed their amended complaint in State Court and the underlying judgment on the UM contract claim became final through exhaustion of appellate remedies, "thereby resetting § 1446(b)'s one-year repose period"); ( Potts v. Harvey, 2011 WL 4637132, *3 (S.D. Fla. Oct.6, 2011) (rejecting the "new and separate claim" analysis); Franck v. State Farm Mut. Auto Ins. Co., No. 6:11–cv–1422–Orl–22KRS, Doc. 19 (M.D. Fla. Oct. 21, 2011) (applying the one year time limit to a bad faith claim and remanding the case).

As noted above, the issue in this case depends on Florida's UM pleading practice as countenanced by Florida's State Courts. The instant case is almost identical to the case cited above, Bolen v. Illinois. In Bolen, like here, the Plaintiff sued the insurer in a two count Complaint alleging state law claims for uninsured motorist coverage (Count I) and for statutory bad faith (Count II). 2012 WL 4856811 at *1. The Bolan Court found that the statutory one year deadline for removal had expired because the State Court abated the bad faith claim in Count II pending the resolution of the UM claim in Count I rather than dismissing the bad faith claim. As such, the bad faith claim remained an active part of the case in controversy. Id. at *7. Thus, when the defendant attempted to remove the case in 2012, the Bolen Court found the claim had accrued more than one (1) year earlier and the removal was untimely. Id.

The instant case was originally filed in State Court on December 12, 2008, and amended to add the claim for bad faith on November 16, 2010. Here, just like the Bolen

case, the bad faith claim (Count II) was stayed and not dismissed. Although the bad faith claim was stayed during the pendency of the UM claim, it was clearly allowed to be part of the case and thus, under Florida law, was commenced upon filing of the Amended Complaint on November 16, 2010. Id. at *7. The Court finds the reasoning in Bolen to be the more persuasive and therefore, concludes that the bad faith claim accrued when the case was amended on November 16, 2010. *See* Franck, No. 6:11–cv–1422–Orl–22KRS, (Doc. 19) (M.D. Fla. Oct. 21, 2011) (applying the one year time limit and remanding the case in a case of bad faith insurance claim removed after the UM claim was resolved). Thus, the removal on March 14, 2014, was untimely and the case is due to be remanded to the Twentieth Judicial Circuit Court in and for Lee County, Florida.

(2) *Attorney's fees and Costs*

An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As is clear from the statutory language, an award of attorney's fees under this provision is discretionary. Bolen, 2012 WL 4856811 at *3 (citing IMCO USA, Inc. v. Title Ins. Co. of Minn., 729 F. Supp. 1322, 1324 (M.D. Fla. 1990)). In Martin v. Franklin Capital Corporation, the United States Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Applying the standard set forth in Martin, there is no basis for the Court to find that Defendant acted unreasonably or in bad faith in removing this case, particularly given the conflict in authority regarding removal of similar claims in this district. Thus, the Motion for fees and costs is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Frances A Caliaro's Motion to Remand for an Award of Costs, Including Attorney's Fees ([Doc. #5](Doc. #5)) is **GRANTED in part and DENIED in part**.

(1) The Plaintiff's Motion to Remand to the Twentieth Judicial Circuit in and for Lee County, Florida is **GRANTED**.  The case is hereby **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida.

(2) The Plaintiff's Motion for Attorney's Fees and Costs for bringing this Motion is **DENIED**.

(3) The Clerk is directed to remand the case as directed above and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record